UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| SOLVAY PHARMACEUTICALS, INC., | Civil No. 03-2836 (JRT/FLN) |
| Plaintiff, | |
| v. | **ORDER** |
| ETHEX CORPORATION and<br>KV PHARMACEUTICALS COMPANY, | |
| Defendants. | |

Saul Perloff, **FULBRIGHT & JAWORSKI, LLP**, 300 Convent Street, Suite 2200, San Antonio, TX 78205; Peter Goss and John B. Gordon, **FAEGRE & BENSON, LLP**, 2200 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; Marc B. Collier, **FULBRIGHT & JAWORSKI, LLP**, 600 Congress Avenue, Suite 2400, Austin, TX 78701; for plaintiff.

Thomas C. Morrison and Carrie A. Syme, **PATTERSON BELKNAP WEBB & TYLER LLP**, 1133 Avenue of the Americas, New York, New York 10036; Dawn C. Van Tassel, **MASLON EDELMAN BORMAN & BRAND, LLP**, 3300 Wells Fargo Center, 90 South Seventh Street, Minneapolis, MN 55402; for defendants.

Plaintiff Solvay Pharmaceuticals, Inc. sells pancreatic enzyme supplements under the trademark name Creon. Defendants produce and market a competing line of pancreatic enzyme supplements under the Pangestyme trademark. Solvay sued defendants alleging that Ethex's advertising of Pangestyme is false and misleading under the Lanham Act and Minnesota law. On January 4, 2007, this Court heard additional

argument on the parties' motions in limine and ruled on the following motions, as set forth below.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion in Limine to Exclude Assorted Categories of Improper Evidence [Docket No. 258] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to evidence related to other litigation. However, prior testimony from other litigation is admissible if it is inconsistent with testimony elicited at trial. The motion is **DENIED** in all other respects.

2. Plaintiff's Motion in Limine [Docket No. 264] is **GRANTED IN PART** and **DENIED IN PART**. The motion is **GRANTED** as to evidence related to other litigation (Solvay's Motion Numbers 4, 6, 7, 10, and 26). However, prior testimony from other litigation is admissible if it is inconsistent with testimony elicited at trial. The motion is further **GRANTED** as to Solvay's Motion Numbers 8, 9, 11, 12, 21, 22, 24, 28, and 29. The motion is **DENIED** as to all remaining issues that the Court has not ruled on. However, defendants shall be precluded from making reference to plaintiff's litigation as a marketing strategy. Further, defendants shall be precluded from introducing evidence of plaintiff's advertisements in 1993 and 1994.

3. Plaintiff's Objection to Defendants' Witness List [Docket No. 316] is **DENIED**.

- 3 -

4. Defendants' Motion in Limine to Exclude Improper Witnesses [Docket No. 260] is **DENIED**.

5. Plaintiff's Motion Regarding Specific Opinion Testimony by Defendants' Experts [Docket No. 229] is **DENIED**. Plaintiff's Motion Number 7(B) was withdrawn and is therefore **DENIED as moot**. The Court will further consider the evidentiary issues raised in plaintiff's Motion Number 7(D) when they arise during the trial.

6. Defendants' Motion in Limine to Exclude Expert Testimony [Docket No. 239] is **DENIED**.

DATED:   January 12, 2007                      s/ John R. Tunheim
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                                     United States District Judge